IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANGELA REYNA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | JURY TRIAL |
| CASCADE HEALTH SERVICES, LLC | § | |
| d/b/a CIMARRON PLACE HEALTH & | § | |
| REHABILITATION | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Angela Reyna (hereinafter "Plaintiff"), by and through her undersigned attorneys of record, filing this, her *Plaintiff's Original Complaint*, against Cascade Health Services, LLC, *d/b/a* Cimarron Place Health & Rehabilitation and, for cause of action, showing unto this Court as follows:

### I.
### PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff for violations by Cascade Health Services, LLC, *d/b/a* Cimarron Place Health & Rehabilitation (hereinafter "Defendant" or "Cimarron Place") of the Families First Coronavirus Response Act ("FFCRA" Pub. L. No. 116-127, 134 Stat. 178 (2020)) and the Fair Labor Standards Act ("FLSA" 29 U.S.C. § 201 *et. seq.*).

2. Defendant employed Plaintiff from (on or about) November 5, 2019 through (on or about) May 15, 2020. During her employment, Plaintiff worked as a Certified Nursing Assistant earing $14.25 per hour. Defendant, at all times relevant to the violations of the FFCRA and FLSA, was engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1).

3. Throughout Plaintiff's employment, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. Section 203(s)(1).

4. Plaintiff seeks all available damages as well as reasonable attorneys' fees.

## II.
## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343 and 1337 because this civil action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff asserts causes of action involving federal questions based upon the FFCRA and the FLSA.

6. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945, and its progeny.

7. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claims herein occurred in said District. Additionally, Defendant is a resident of said District. Because the acts/omissions giving rise to Plaintiff's claims occurred in Nueces County, Texas, venue is appropriate in the Corpus Christi Division of the Southern District of Texas.

## III.
## PARTIES

8. Plaintiff is a female citizen of the United States and is a resident of Nueces County, Texas.

9. Defendant is a domestic limited liability company with its principal place of business located in Luftkin, Texas. Defendant is a provider of sub-acute and long term care services and may be served with process via it's registered agent, to wit: Ronald M. Haney, at 5040 Champions Drive, Lufkin, Texas 75901.

## IV.
## BACKGROUND FACTS

10. Whenever in this Complaint Plaintiff pleads that Defendant engaged in an act or omission, Plaintiff likewise pleads that Defendant, its officers, agents, servants, employees or representatives, engaged in said act or omission in the course and scope of employment and/or with the full authorization or ratification of Defendant.

11. Plaintiff was originally employed by Defendant from April of 2017, through March of 2019, but she was fired when she got pregnant. Plaintiff was then rehired in November of 2019 and fired again on (or about) May 15, 2020 when she became ill with COVID-like symptoms and asked for sick leave pursuant to the FFCRA.

12. On March 13, 2020, as a result of the Coronavirus pandemic, Governor Greg Abbott declared a state-of-disaster for all counties in Texas.

13. On or about May 13, 2020, Plaintiff was told by management that at least two residents at Cimarron Place tested positive for the Coronavirus. She also heard from co-workers that there were additional residents/patients who also tested positive.

14. For a few days, Plaintiff had been experiencing what she thought might be allergies, but on May 14th she went home from work feeling horribly sick. Plaintiff immediately contacted multiple clinics as well as the health department[1] (which told her to self-quarantine until she received her test results) to schedule a Coronavirus test. The soonest she could get an appointment at a testing center was not until the following week. Plaintiff then contacted her supervisor and explained she was experiencing COVID-like symptoms. Specifically, she told her supervisor she was scared because her heart was pounding, she felt nauseous and lightheaded, she felt hot, her bones and muscles were aching, her body was weak, she had a

---

[1] The Corpus Christi-Nueces County Public Health District or "health department."

persistent and severe cough and sore throat and when she laid down she felt like she was suffocating. Plaintiff was also having "petit mal" (or absence) seizures. As such, Plaintiff also explained to her supervisor that she would self-quarantine until she got her Coronavirus test results in order to protect the residents at Cimarron Place. In response, Plaintiff was told that not only would she ***not be paid*** for the days she was out while experiencing symptoms and waiting to be tested, but also that she was being ***fired*** – or as management put it, "if you decide to self-quarantine that's not in our policy so you will be self-terminating cause we have residents that still need to be taken care of."

15. To be clear, according to management at Cimarron Place – a nursing home – when an employee is experiencing signs and symptoms of the Coronavirus they must still come to work or will be fired – or "self-terminated" as Defendant puts it.

**V.
COUNT ONE:
VIOLATIONS OF THE FAMILIES FIRST CORONAVIRUS RESPONSE ACT &
THE FAIR LABOR STANDARDS ACT
(1) Wrongful Termination; (2) Unpaid Wages; and (3) Retaliation**

16. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

17. Effective April 1, 2020, the FFCRA provides for up to 80 hours of paid sick time to eligible full-time employees who are unable to work or telework due to the effects of COVID-19 through the Emergency Paid Sick Leave Act. *See* FFCRA, at §§ 5102(a) and (b)(A).

18. The FFCRA has expressly identified that enforcement of the Act and all penalties arising from violations of the Emergency Paid Sick Leave Act be governed by relevant sections of the FLSA.

19. Defendant is engaged in an industry affecting commerce and employees, is a private entity, and employs fewer than 500 employees. *Id*. at § 5110(2)(B)(aa).

4

20. Plaintiff was an eligible employee as defined by Section 3(e) of the FLSA (29 U.S.C. § 203(e)), who had "been advised by a health care provider to self-quarantine due to concerns related to COVID-19" and was "experiencing symptoms of COVID-19 and seeking a medical diagnosis" under the FFCRA, § 5102(a)(2) and (3).

21. Defendant knew that Plaintiff was an eligible employee within the meaning of the FLSA and the FFCRA.

22. Plaintiff requested paid sick leave during the time she was symptomatic and was waiting to be tested and get her results. Plaintiff was advised to self-quarantine by the health department because she was experiencing COVID-like symptoms.

23. Defendant was required to pay Plaintiff's "regular rate of pay up to $511 per day, and $5,110.00 in the aggregate" for the two-week emergency paid sick leave period due to COVID-19 concerns. See *Id*. at § 5110(5)(A)(ii)(I).

24. Defendant denied Plaintiff leave under the Emergency Paid Sick Leave Act of the FFCRA and failed to compensate her for her regular rate of pay for the required 80-hour sick leave period. An employer who fails to pay an employee her regular rate of pay under the FFCRA is "considered to have failed to pay minimum wages in violation of section 6 of the FLSA (29 U.S.C. § 206)." *Id*. at § 5105(a)(1).

25. It is unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee" who exercises her rights to "take leave in accordance with this Act." *Id*. at § 5104. "An employer who willfully violates section 5104 shall . . . be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 215(a)(3))." *Id*. at § 5105(b)(1).

26. Additionally, an employer who in any way disciplines, discriminates or retaliates against, and/or discharges an employee in violation of the Act is subject to the penalties described in

5

sections 16 and 17 of the FLSA (29 U.S.C. § 216, 217) with respect to such violation. *Id.* at § 5105(b)(2). Penalties under sections 16 and 17 of the FLSA include, but are not limited to, lost wages, an equivalent amount of liquidated damages, and attorney's fees and costs. *See* FLSA, 29 U.S.C. § 216; 217.

27. Defendant willfully denied Plaintiff's request for qualifying paid sick leave under the FFCRA and even terminated her in retaliation for her request for emergency paid sick leave because of her COVID-19 related symptoms/concerns, in violation of the FFCRA and the FLSA.

## VI.
## DAMAGES

28. Plaintiff pleads for equitable and prospective relief in the form of reinstatement as of May 15, 2020, including equitable awards of salary and benefits for the period of time following the illegal termination until actual reinstatement.

29. Plaintiff pleads that Defendant, and its agents, employees and representatives, have caused Plaintiff grievous harm and damages. As a direct and proximate result of their violations of state and federal law, Defendant has caused Plaintiff to suffer lost past and future wages. Plaintiff is entitled to pecuniary damages for lost past and future wages to be determined at inquest.

30. Plaintiff pleads that Defendant has caused her to suffer acute mental anguish including, but not limited to, extreme emotional distress and mental pain, intense feelings of depression, low self-esteem, humiliation, belittlement, shame, nausea, loss of sleep and appetite. Plaintiff will, in all likelihood and for the balance of her life, continue to suffer mental anguish. As such, Plaintiff is entitled to compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

31. Plaintiff pleads that Defendant violated Plaintiff's civil rights with malice or reckless indifference to her federally protected rights. As such, Plaintiff is entitled to punitive damages in an amount to be determined at inquest and at the maximum rate permitted by law.

32. Plaintiff was forced to secure the undersigned counsel to protect her civil rights and, therefore, requests an award of attorney's fees.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon final trial on the merits she recover judgment against Defendant, said judgment entitling Plaintiff to:

   a. Compensation for all reasonable damages suffered by Plaintiff, including, but not limited to, past and future wages and other compensation, in an amount to be determined upon inquest;

   b. Compensation for compensatory and punitive damages, in an amount to be determined upon inquest;

   c. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

   d. All costs of court expended in this lawsuit;

   e. Reasonable and necessary attorney's fees;

   f. A mandatory injunction reinstating Plaintiff's employment benefits, retroactive to May 15, 2020;

   g. A judgment finding that Defendant deprived Plaintiff of her interest in her employment without due process; and

   h. Such other and further legal relief, either at law or equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

GALE LAW GROUP, PLLC
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Phone Number: 361-808-4444
Fax Number: 361-232-4139

BY: */s/ Amie Augenstein*

Amie Augenstein
*Attorney-in-Charge for Plaintiff*
Texas Bar No. 24085184
Southern District Bar No. 2236723
Amie@GaleLawGroup.com

*/s/ Christopher J. Gale*
Christopher J. Gale
*Attorney for Plaintiff*
Texas Bar No. 00793766
Southern District Bar No. 27257
Chris@GaleLawGroup.com

## Demand for Jury Trial

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 38(b).

## NOTICE OF ELECTRONIC FILING

The undersigned counsel hereby certifies that she has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on this, the 5th day of June, 2020.

/s/ *Amie Augenstein*
Amie Augenstein